**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARK WINDSOR, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-3543-CV-S-RED |
| | ) | |
| **JEFFREY TRIBBLE, et ux.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT

The Court held a duly scheduled trial in this case on February 13 and 14, 2008. Plaintiffs appeared in person, by their designated corporate representative, and by counsel. Defendants failed to appear for the trial despite having known about the February trial date since December 2007, and despite numerous reminders from the Court about their obligation to attend the February trial. Since this case was initially filed more than three years ago, the Court has repeatedly given Defendants the benefit of the doubt and has accommodated Defendants' requests for continuances and other relief in large part because of their *pro se* status. Defendants' refusal to attend the February 2008 trial date, however, was unreasonable, unjustified, and in violation of this Court's specific orders. At Plaintiffs' request, the Court treated Defendants' failure to appear for trial as a waiver of their right to trial by jury, and the Court proceeded to trial by judge.

The Court heard testimony at the trial and reviewed the pleadings and the evidence received at trial. Because Defendants were not represented by counsel, the Court believed it was appropriate under the specific circumstances of this case to also review the documents belatedly submitted by Defendants on February 19, 2008. Having reviewed and studied all this information, the Court finds

for Defendants on Count IX and finds for Plaintiffs on Counts I, II and III. The Court previously dismissed Counts IV, V, VI, VII and VIII in open court on February 13, 2008.

**Regarding Counts I and II claiming relief for breach of fiduciary duty, the Court finds and concludes the following:**

1. Defendant Jeffrey W. Tribble ("Jeff Tribble") was a fiduciary and was acting in his fiduciary capacity to Plaintiffs because:

   a. Defendants are close relatives of Plaintiffs Mark and Kathy Windsor and they were close friends;

   b. Plaintiffs trusted Defendant Jeff Tribble to exercise discretion to trade in the Plaintiffs' accounts;

   c. Plaintiff Mark Windsor, as Trustee of the Plaintiffs' Profit Sharing Plan, executed a power of attorney in favor of Defendant Jeff Tribble;

   d. Defendant Jeff Tribble was a professional in the industry acting as and holding himself out as a stockbroker;

   e. Plaintiff Mark Windsor and Defendant Jeff Tribble entered into two "Agreement(s) in Principle" whereby Jeff Tribble would keep Mark Windsor up to date with quarterly statements and Jeff Tribble would deduct from the proceeds of the account the expenses incurred in maintaining a separate account for the proceeds; and

   f. Plaintiff Mark Windsor, individually, executed a power of attorney appointing Defendant Jeff Tribble attorney-in-fact concerning the investment of Thirty Thousand Dollars ($30,000.00) and another power of attorney

2

appointing Jeff Tribble attorney-in-fact regarding an investment in the amount of Twenty Thousand Dollars ($20,000.00), both powers of attorney giving Jeff Tribble the power to act on behalf of Mark Windsor, the stated investor, and to pay the expense of keeping such funds maintained in a separate account for the investor's benefit.

2. Defendant Pamela K. Tribble ("Pam Tribble") was a fiduciary and acting in her fiduciary capacity to Plaintiffs because:

    a. Defendants are close relatives of Plaintiffs Mark and Kathy Windsor and they were close friends; and

    b. Defendant Pam Tribble and her husband, Defendant Jeff Tribble, were signators on the investment account with Schwab ("the Schwab Account") in which Plaintiffs' funds were invested totaling One Hundred Sixty Thousand Dollars ($160,000.00), making her a custodian of those funds.

3. Defendants breached their fiduciary duties and defrauded Plaintiffs while acting as fiduciaries by:

    a. Failing to disclose that they had not created separate accounts for Plaintiffs' funds segregated from the personal investments and monies of Defendants Jeff and Pam Tribble;

    b. Failing to disclose that Defendants Jeff and Pam Tribble had commingled Plaintiffs' funds into the Schwab Account;

    c. Failing to disclose that the account statements being delivered to Plaintiffs contained false information;

    d.  Failing to disclose that Defendant Pam Tribble had access to and the ability to withdraw, as a signator, the Plaintiffs' monies from the SchwabAccount; and

    e.  Improperly transferring Plaintiffs' funds to themselves or others for their benefit and failing to disclose such transfers to Plaintiffs.

  4.  Defendant Jeff Tribble's actions, as a fiduciary to the Profit Sharing Plan Plaintiff, render him liable for the Ninety Five Thousand Dollars ($95,000.00) principal and interest, plus pre-judgment interest at Nine Percent (9%), and for attorneys' fees incurred by the Profit Sharing Plan as allowed by ERISA § 502(g). Counsel for Plaintiffs provided evidence at trial that Plaintiffs' attorney fees incurred in this case are in excess of Ninety Thousand Dollars ($90,000.00). Counsel for Plaintiffs submitted updated billing summaries on February 26 and 27, 2008, via e-mail, indicating that Plaintiffs have incurred fees in the amount of One Hundred Six Thousand Nine Hundred Sixty Two Dollars and 40/100 ($106,962.40) in this case. However, not all of these fees are attributable to Count I of Plaintiffs' complaint, and attorney fees are recoverable only under Count I. The Court is familiar with this case and has reviewed all of the pleadings, motions, and filings in this case. The Court finds that Seventy Five Thousand Dollars ($75,000.00) is a fair and reasonable amount of fees that can be attributed to Count I of Plaintiffs' complaint. The Court, in its discretion, finds that Plaintiffs are entitled to recover such fees.

  5.  Plaintiffs were not able to evaluate Defendant Jeff Tribble's statements concerning the performance of the monies nor the transactions within the supposed accounts because:

    a.  Plaintiffs were supplied with false investment performance statements summarizing the performance of the monies for each year; and

      b.      The statements did not detail any actual transactions.

**Regarding Count III claiming relief for fraud, the Court finds and concludes the following:**

1. Defendants failed to disclose the following material facts:

    a. Defendants misappropriated Plaintiffs' funds for their own benefit;

    b. Defendants had not created separate accounts for Plaintiffs' funds segregated from defendants' personal investments and monies;

    c. Defendants had commingled Plaintiffs' funds with other monies in the Schwab Account;

    d. The investment statements being delivered to Plaintiffs were fabricated;

    e. Defendant Pam Tribble had access to and the ability to withdraw, as a signator, the Plaintiffs' monies from the Schwab Account;

    f. Defendants improperly transferred Plaintiffs' funds to themselves or others for their benefit; and

    g. Defendants withdrew over $1.5 Million from the Schwab Account while the total deposits into the Schwab Account amounted to less than Eight Hundred Two Thousand Dollars ($802,000.00) including the Plaintiffs One Hundred Sixty Thousand Dollars ($160,000.00).

2. All of the withdrawals from the Schwab Account, totaling in excess of $1.5 Million, were withdrawals made for the benefit of the Defendants and others, but none of the withdrawals were for the benefit of Plaintiffs, and Plaintiffs did not receive any money from the Schwab Account.

3. In or about 2003, Defendants stopped all communication with Plaintiffs about their investments and failed to provide investment statements, failed to return phone calls, and failed to respond to e-mail requests for information.

4. Defendants refusal to communicate information to Plaintiffs about their investments coincided with Defendants' withdrawal of eventually all of the remaining funds in the Schwab Account.

5. The facts stated above were material.

6. The investment statements prepared by Defendant Jeff Tribble and provided to Plaintiffs as a report on their investments were false, misleading and material.

7. Defendant Jeff Tribble intended for the false investment statements to be relied upon by the Plaintiffs.

8. Plaintiffs did not know the investment statements were false.

9. Plaintiffs had the right to rely upon the investment statements, they did so rely on said statements, and such reliance was reasonable under the circumstances.

10. As a result, Plaintiffs lost a total of One Hundred Sixty Thousand Dollars ($160,000.00), plus interest at the Missouri pre-judgment statutory rate of Nine Percent (9%) per annum.

**Regarding Plaintiffs' request for punitive damages, the Court finds and concludes the following:**

1. Plaintiffs are entitled to punitive damages because of Defendants' outrageous actions, evil motive and reckless indifference to the rights of Plaintiffs as evidenced through their

misappropriation of Plaintiffs' funds without Plaintiffs' knowledge, through their fabrication of false investment statements, and the magnitude of the breach of fiduciary duties and fraud by Defendants.

**Regarding Count IX claiming relief for Defendants' alleged violation of the Missouri Securities Act of 1968, the Court finds and concludes the following:**

1. The secret deception by the Defendants did not touch, accompany or coincide with any offer, purchase or sale of any security. Rather, such deception occurred (1) when pressured by Plaintiffs for investment statements for tax purposes, Defendant Jeff Tribble prepared false statements, and (2) Defendants misappropriated money from the Schwab Account.

2. The offer, purchase or sale of securities was not necessary for Defendants to succeed in their scheme to defraud. Only Plaintiffs' money and Defendants' deception were necessary for the scheme to succeed. For these reasons, the Court will enter judgment in favor of defendants on Plaintiffs' Missouri Securities Act claim, Count IX.

**Regarding Plaintiffs' request that the Court hold defendants jointly and severally liable, the Court finds and concludes the following:**

1. Defendants Jeff and Pam Tribble knew that Plaintiffs' funds were commingled in the Schwab Account with the Defendants' funds. Defendants knew that Plaintiffs did not authorize the commingling of the Plaintiffs' funds with the Defendants' funds in the Schwab Account. Defendants utilized Plaintiffs' funds from the Schwab Account without the knowledge or permission of the Plaintiffs. Said use of Plaintiffs' funds by Defendants caused Plaintiffs to be damaged by the loss of their funds.

7

2. Such acts by Defendants were wrongful and constituted breaches of the fiduciary relationship between the parties. Such acts by Defendants were fraudulent, making the Defendants jointly and severally liable for the fraud and breaches of fiduciary duty.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED as follows**:

Judgment is entered in favor of Plaintiff Mark Windsor, as Trustee of the National TV Sales & Rentals of Missouri, Inc. Profit Sharing Plan and Trust, and against Defendants Jeffrey W. Tribble and Pamela K. Tribble on Count I, II and III of Plaintiffs First Amended Complaint, jointly and severally, for actual damages in the amount of Ninety Five Thousand Dollars ($95,000.00), together with pre-judgment interest from and after November 21, 1996, through the date hereof at Nine Percent (9%) per annum in the amount of Ninety Five Thousand Nine Hundred Sixty Five Dollars and 82/100 ($95,965.82), and punitive damages in the amount of Three Thousand Five Hundred Dollars ($3,500.00), and the Court enters Judgment, on Count I only, for attorneys' fees in the additional amount of Seventy Five Thousand Dollars ($75,000.00), for a total judgment of Two Hundred Sixty Nine Thousand Four Hundred Sixty Five Dollars and 82/100 ($269,465.82), plus post-judgment interest at a rate prescribed by 28 U.S.C. § 1961(a).

Judgment is entered in favor of Plaintiff MARKKATHY, Inc., and against Defendants Jeffrey W. Tribble and Pamela K. Tribble, jointly and severally, on Counts II and III of Plaintiffs' First Amended Complaint for actual damages in the amount of Twenty Five Thousand Dollars ($25,000.00), together with prejudgment interest from and after November 21, 1996, through the date hereof at Nine Percent (9%) per annum in the amount of Twenty Five Thousand Two Hundred Fifty Four Dollars and 36/100 ($25,254.36), and punitive damages in the amount of Three Thousand Five Hundred Dollars ($3,500.00), for a total judgment of Fifty Three Thousand Seven Hundred

Fifty Four Dollars and 36/100 ($53,754.36), plus post-judgment interest at a rate prescribed by 28 U.S.C. § 1961(a).

Judgment is entered in favor of Plaintiffs Mark Windsor and Kathy Windsor, and against Defendants Jeffrey W. Tribble and Pamela K. Tribble, jointly and severally, on Counts II and III of Plaintiffs' First Amended Complaint for actual damages in the amount of Forty Thousand Dollars ($40,000.00), and punitive damages in the amount of Three Thousand Five Hundred Dollars ($3,500.00), together with prejudgment interest from and after November 21, 1996, through the date hereof at Nine Percent (9%) per annum in the amount of Forty Thousand Four Hundred Seven Dollars and 06/100 ($40,407.06), for a total judgment of Eighty Three Thousand Nine Hundred Seven Dollars and 06/100 ($83,907.06), plus post-judgment interest at a rate prescribed by 28 U.S.C. § 1961(a).

Judgment is entered in favor of Defendants on Count IX.

To the extent plaintiffs seek recovery of costs other than attorney fees, they shall file a Bill of Costs pursuant to Local Rule 83.2.

The clerk's office shall e-mail a copy of this Judgment to defendants at jeff@roi365.com, jeff.tribble@gmail.com, and tribblepam@yahoo.com, and the clerk shall mail a copy of this Judgment to defendants at 17508 N. 94th Place, Scottsdale, AZ 85255.

**IT IS SO ORDERED**

Date: March 11, 2008  */s/ Richard E. Dorr*
**RICHARD E. DORR, JUDGE**
**UNITED STATES DISTRICT COURT**